# DORF & NELSON LLP

The International Corporate Center, 555 Theodore Fremd Avenue, Rye, NY 10580

Telephone: 914.381.7600 · www.dorflaw.com · Facsimile: 914.381.7608

> **APPLICATION GRANTED**
> **SO ORDERED** /s/ Vernon Broderick
> **VERNON S. BRODERICK**
> **U.S.D.J.**   1/31/2018

**VIA ECF**

Hon. Vernon S. Broderick
United States District Judge
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re: *Lawrence Young v. L'Oreal USA, Inc.,* **No. 17-cv-05595**

Dear Judge Broderick:

We write on behalf of Defendant L'Oreal USA, Inc. to request an extension of Defendant's time to respond to the complaint from January 31, 2018 to and including February 16, 2018. This is Defendant's third request for an extension. Plaintiff's counsel consents to the request. As Your Honor may recall, two prior extensions were granted to allow the parties to discuss settlement. The process was successful and the parties have reached agreement in principal to the settlement terms. It is unlikely, however, that the settlement agreement can be fully executed by the current deadline.

Furthermore, this action involves a claim that Defendant's web site is not accessible to visually impaired individuals and seeks injunctive relief requiring Defendant to modify its website in accordance with guidelines published by the World Wide Web Consortium. Defendant agrees in the settlement to make such modifications. A complication has arisen because Defendant has just been served with a complaint by a different plaintiff seeking the substantially similar relief in California state court. To avoid conflicting obligations, Defendant intends to argue that the settlement agreement in this action moots the second filed California case. See *Haynes v. Panda Express, Inc.*, 2018 US Dist. LEXIS 11013 (S.D. Fla. Jan. 24, 2018)("[W]here, as here, the injunctive relief sought by Plaintiff mirrors the relief already agreed to in the prior settlement, the second-filed complaint must be dismissed as moot."). To best effectuate that result, Defendant may need to request that Your Honor "so order" compliance with the settlement agreement, rather than approve the withdrawal of the complaint. Defendant needs additional time to determine the precise procedure to follow.

We thank the Court for its consideration of this request.

Respectfully,
 /s/
Andrew P. Marks

cc: Douglas B. Lipsky, Esq. (ECF)